UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVE TAYLOR TREVINO, and ANITA MARTINEZ TREVINO,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:17-cv-03237<br><br>JURY DEMAND |

# COMPLAINT

NOW come STEVE TAYLOR TREVINO ("Steve") and ANITA MARTINEZ TREVINO ("Anita") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CITIMORTGAGE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

4. Joinder of Plaintiffs' claims is proper under Fed. R. Civ. P. 20(a)(1) since Plaintiffs' claims arise out of the same transaction or occurrence or series of transactions and occurrences and common questions of law and fact will arise.

**PARTIES**

5. Plaintiffs are both 63 year-old natural "person[s]," as defined by 47 U.S.C. § 153(39).

6. Defendant is the mortgage servicing arm for national lending institution Citibank, N.A., which is itself a subsidiary of Citigroup, Inc. Defendant is a corporation organized under the laws of the State of New York with its principal place of business located at 1000 Technology Drive, O'Fallon, Missouri. Defendant's registered agent is C T Corporation System with a registered address of 1999 Bryan Street, Suite 900, Dallas, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an underlying mortgage debt ("subject debt") said to be owed by Plaintiffs.

10. Several years ago, both Plaintiffs have endured serious health issues, including battles with cancer, which resulted in their falling behind on mortgage payments.

11. On January 7, 2014, Plaintiffs jointly filed for Chapter 13 Bankruptcy to address their financial hardship.

12. Based on Plaintiffs' tireless efforts, they were able to pay off their bankruptcy obligations early and were discharged a year to the day of filing.

13. Unfortunately, Plaintiffs again experienced financial hardship and fell behind on their mortgage payments.

14. Around the beginning of 2016, Plaintiffs began receiving collection calls to their cellular phone, (817) XXX-1473, from Defendant.

15. At all times relevant to the instant action, Steve was the account owner of the cellular phone ending in 1473, but both Steve and Anita have been financially responsible for the cellular phone and its services. Both Plaintiffs are primary users of this cellular phone.

16. Defendant has used a variety of phone numbers when placing calls to Plaintiffs' cellular phone, including but not limited to (972) 655-5605, (859) 283-8599, and (800) 366-3003; but upon belief, Defendant may have used other numbers as well.

17. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

18. When Plaintiffs would not answer Defendant's calls, they would receive automated and pre-recorded voicemail messages from Defendant.

19. During answered calls from Defendant, Plaintiffs experience a recorded message and noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

20. Upon speaking with Defendant, Plaintiffs were informed that Defendant was seeking to collect upon the subject debt.

21. Plaintiffs informed Defendant of their health situation which resulted in their falling behind on their payments, and attempted to work things out with Defendant.

22. Plaintiffs further told Defendant that they had been speaking with a loss mitigation specialist named Linda Grey ("Linda"), who was assisting them with getting caught up on their obligations.

23. Plaintiffs told Defendant to speak with Linda regarding the subject debt, yet Defendant ignored Plaintiffs' requests and continued placing incessant phone calls to their cellular phone.

24. Plaintiffs further reiterated that Defendant speak with Linda and demanded that Defendant cease contacting their cellular phone, even returning Defendant's phone calls to do so.

25. Despite Plaintiffs' demands, Defendant continued to call their cellular phone up until the filing of the instant case.

26. On several occasions, Defendant placed multiple phone calls to Plaintiffs' cellular phone on the same day within short succession of one another.

27. Plaintiffs have received not less than 150 phone calls from Defendant since asking it to stop contacting them.

28. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

29. With the goal of specifically addressing Defendant's conduct, Plaintiffs have expended approximately $76.00 to purchase and maintain an application subscription on their cellular phone to quell Defendant's contacts, resulting in pecuniary loss.

30. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

31. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies relentless collection calls, emotional

distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. During answered calls from Defendant, Plaintiffs experienced a recorded message and noticeable pause prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Additionally, the automated and pre-recorded voicemails left on Plaintiffs' cellular phone indicate that an ATDS was being used to place the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

35. Defendant violated the TCPA by placing at least 150 phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Any consent Plaintiffs *may* have given to Defendant was explicitly revoked by their repeated demands that it cease contacting them.

36. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Despite Plaintiffs' efforts to resolve the situation, including their informing Defendant of their serious health issues and the fact they were working with a loss mitigation specialist, as well as their repeated demands that Defendant cease contacting them, Defendant placed an exorbitant amount of phone calls to Plaintiffs' cellular phone in an attempt to coerce them into making payment when they were not financially able to do so.

WHEREFORE, Plaintiffs, STEVE TAYLOR TREVINO and ANITA MARTINEZ TREVINO, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiffs restate and reallege paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

41. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phone at least 150 times after they notified it to stop calling. This repeated behavior of systematically calling Plaintiffs' phone in spite of their demands and their sincere desire to work with Defendant to address their purported obligation was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day within short succession, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiffs, STEVE TAYLOR TREVINO and ANITA MARTINEZ TREVINO, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2017                                       Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiffs | Counsel for Plaintiffs |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |